### PERRY v. HART.
### No. 1258.

Court of Civil Appeals of Texas. Waco.
June 20, 1932.

Terry Dickens, of Marlin, for appellant.

Rogers & Rogers, of Marlin, for appellee.

### GALLAGHER, C. J.

This suit was instituted by appellee, Leona Hart, against appellant, Will Perry, to cancel a deed purporting to be executed by her and to convey to appellant a tract of land in Falls county containing 22½ acres for a recited consideration of $10. She alleged, in substance, that she never had any intention of conveying said land to appellant; that, if she executed said deed, she did not know that it was in fact a conveyance thereof. She further alleged that she was old and feeble both mentally and physically, and incapable of exercising a disposing mind, and that appellant secured said deed by deceitful representations and practices. Appellant alleged that he bought said land from appellee at her request, and paid her the sum of $50 therefor.

The case was tried to a jury. The parties hereto are colored people. The tract of land involved herein was set aside to appellee in divorce proceedings between her and her former husband, Sam Hart. The exact date of such proceedings is not shown, but they were prior to the date of the deed sought to be canceled herein, which deed is dated September 21, 1927. Appellee introduced testimony that she was about eighty years of age; that she was wholly inexperienced in business matters and always had some one to attend to her business for her; that she was crippled with rheumatism, and had suffered from a sore of long duration on one foot. The testimony further showed that appellee was a devout member of the church, and that appellant was her pastor, and had been for several years prior to the execution of said deed, that she had implicit confidence in him, and that he advised with her and aided her in her divorce suit, and that he offered to thereafter attend to her business for her. She testified that, if she ever executed a deed conveying said land, she did not know it; that he loaned her $5 one time, and that she gave him her deed to hold until she paid it back; that thereafter she did pay it back, but that he claimed the deed was in the bank at Calvert, and he could not return it to her. She also testified that she gave him money to pay taxes on her land, and that she loaned him other sums of money which he had never repaid. She testified explicitly that she had never sold her place to him or to any one else. The testimony further showed that the land purported to be conveyed by her to appellant by said deed was of the reasonable value of $500; that she remained in continuous possession of the same, notwithstanding said deed.

Appellant testified that he bought said tract of land from appellee at her solicitation; that

he agreed to pay her $50 therefor; that he and she, together with another colored minister, went to Marlin to an attorney and had said deed prepared; that he then took her to Bremond and had the deed acknowledged before a notary; that he gave her $10 before they went to Marlin to have the deed prepared, and that he gave her the remainder of the purchase price after she had acknowledged the deed; that afterwards he talked to her about the trade, and she was perfectly satisfied with the same. He further testified that he paid taxes on said land for the year 1928, but had not paid any taxes since that time; that he told her she could stay on the place because he was not going to stay there. Neither the attorney who prepared the deed, the colored minister present at the time of its preparation, nor the notary who took appellee's acknowledgment thereto testified in the case. Appellant introduced no testimony except his own. The testimony showed that in March, 1928, appellee's former husband, Sam Hart, executed and delivered to her a deed to the tract of land involved herein, in ratification or confirmation of the decree of court awarding the same to her; that appellant was present at the time said deed was executed and delivered, but set up no claim to the land. The case was submitted on special issues, in response to which the jury found, in substance, that appellee did sign and acknowledge the deed sought to be canceled herein, but that she did not understand that it was a conveyance of said land to appellant; that the consideration paid by him therefor was $5. The court rendered judgment on said verdict, canceling and annulling said deed, and removing the cloud cast thereby upon appellee's title to said land.

### Opinion.

Appellant presents assignments of error in which he asserts that the finding of the jury that appellee did not understand that the purported deed signed and acknowledged by her was in fact a conveyance of her land to appellant is without support in the evidence. In passing upon this contention, we are required to view the evidence in the light most favorable to such finding, rejecting all evidence favorable to the opposite contention. Hines v. Kansas City Life Insurance Co. (Tex. Civ. App.) 260 S. W. 688, 690, par. 3, and authorities there cited; Williams & Chastain v. Laird (Tex. Civ. App.) 32 S.W.(2d) 502, 505, par. 1 (writ refused), and authorities there cited. The testimony hereinbefore recited is necessarily a very brief outline of that submitted to the jury. We have carefully considered the testimony as a whole, and have reached the conclusion that it is sufficient, under the rule above announced, to sustain the finding assailed. The judgment of the trial court is therefore affirmed.