## EHRIG v. GARLIN.
### No. 1415.

Court of Civil Appeals of Texas. Waco.
Oct. 12, 1933.

E. C. Overall, of Gonzales, for appellant.

Albert Stone, of Brenham, for appellee.

GALLAGHER, Chief Justice.

This suit was instituted by appellee, F. W. Garlin, against H. R. Neitsch and appellant, Herman Ehrig, to recover a balance claimed to be due on a joint and several promissory note payable to him and purporting to have been executed by said Neitsch and appellant. Appellant pleaded non est factum.

The case was tried by the court without the intervention of a jury and judgment rendered in favor of appellee against both Neitsch and appellant for the sum of $1,334.82, with interest and costs of suit. Ehrig alone prosecuted this appeal. The court at his instance prepared and filed findings of fact.

#### Opinion.

Appellant presents his contentions by propositions based on his assignments of error. In the first group thereof he assails the sufficiency of the testimony to support the finding of the court that he executed the note sued on. Appellee did not contend that he saw appellant sign the note nor that the same was delivered to him by appellant in person. Appellee first introduced his witness Schlenger, who testified that he had been engaged in the banking business in various capacities for a period of twenty-five years; that in the discharge of the duties of such employment he had frequently had occasion to examine signatures to various instruments and to pass upon whether the same were genuine or forged, and that he was reasonably sure that he could distinguish between a genuine signature and an imitation or forgery thereof. The note sued on was then tendered the witness for examination, and, in connection therewith, a number of the signatures of appellant admittedly genuine were submitted for the purpose of comparison. Said witness, after having examined all the same, testified that there were minor differences in the formation of certain letters between the signature to the note sued on and the admitted signatures of appellant, but that considering all the same as a whole, it was his opinion that the signature to the note sued on was the genuine signature of appellant. Appellee testified that he had known appellant for thirty-five or forty years; that he received the note sued on from appellant or Neitsch in a letter; that it was at the time he was testifying in exactly the same condition as when he received it; that he himself prepared the note and sent it by mail to be signed by said parties; that he had received several letters from appellant, and from his knowledge of appellant's handwriting, his purported signature to said note was genuine. Appellee further testified that just prior to February 1, 1928, the maturity date of said note, he received a letter from appellant enclosing a check signed by him for the sum of $1,600, and that said check was paid. Reference was made in said letter to some preceding statement by appellee that the note upon which such payment was to be credited was still good for four years and that it was not necessary to execute a new one. The letter requested that the sum remitted be credited on the back of the old note, and promised a further remittance of $1,000 as soon as possible. Appellee further testified that shortly before he received the letter and check above referred to, appellant, Neitsch, and two other members of appellant's family were at his house; that they then discussed the note sued on; and that he there agreed with them that appellant should make a payment of $1,600 thereon and that the balance remaining due thereon after such payment would be approximately $1,000. Appellee further testified that the annual interest for the succeeding year was thereafter paid and that no other payments had been made on said note. He testified on cross-examination that the debt evidenced by said note originated in 1921; that the amount at that time was $1,600 but that no interest was

paid for several years; that the note sued on was given in renewal of principal and interest then due; and that the old note was surrendered at that time. The note sued on was then introduced in evidence. It was dated February 1, 1926, due February 1, 1928, payable to F. W. Garlin and purported to have been signed by H. R. Neitsch and Herman Ehrig. It was for the sum of $2,236.30, with interest from date until paid at the rate of 8 per cent., payable annually, and provided for 10 per cent. attorney's fees in addition in certain contingencies. There were indorsements on the back thereof tending to indicate payments as testified by appellee. Cross-examination developed some slight uncertainty of recollection on the part of appellee. No other witness testified in the case.

 In passing upon appellant's contention that the testimony was insufficient to support the finding of the court here assailed, we are required to view the same in the light most favorable to such finding, rejecting all evidence favorable to the opposite contention. Perry v. Hart (Tex. Civ. App.) 51 S.W.(2d) 1094, 1095, par. 1, and authorities there cited. We have carefully considered the testimony as a whole and have reached the conclusion that it is sufficient, under the rule above announced, to sustain the finding assailed. Appellant's group of propositions here considered are overruled.

Appellant presents various other propositions assailing the several additional findings made by the trial court herein. All such findings are subordinate to, but in harmony with, the principal finding above discussed that appellant executed the note sued on. We have examined the testimony bearing upon each material finding so assailed and have concluded that it is sufficient to sustain the same.

The judgment of the trial court is affirmed.